UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
Case No. _____

JULIO CRUZ ACOSTA, and other similarly    )
situated individuals,                      )
                                           )
                Plaintiffs,                )
                                           )
v.                                         )
                                           )
ELITE WHEEL DISTRIBUTORS INC.,             )
                                           )
                Defendant.                 )
                                           )
                                           )
                                           )
_____   )

## COMPLAINT
### (OPT-IN PURSUANT TO 29 U.S.C § 216(B))

Plaintiffs, JULIO CRUZ ACOSTA ("Plaintiff") and other similarly situated individuals,

sue the Defendant, ELITE WHEEL DISTRIBUTORS INC. (the "Defendant"), and allege:

### JURISDICTION

1.      This is an action to recover money damages for unpaid overtime wages under the

laws of the United States.  This is also an action under the Florida Whistleblower Act.

2.      This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C.

§ 201-219 (Section 216 for jurisdictional placement) ("the Act").  The Court has supplemental

jurisdiction over Florida Whistle Blower law claims brought under Chapter 448, Florida Statutes.

The facts regarding Plaintiff's state law claims are so related to the Federal claims that they form

part of the same case or controversy.

## VENUE

3.      Plaintiff is a resident of Miami-Dade County, Florida, within the jurisdiction of this Honorable Court.  Plaintiff is a covered employee for purposes of the Act.

4.      Defendant, ELITE WHEEL DISTRIBUTORS INC. (the "Defendant") is a Florida company having offices in Miami-Dade County, Florida, where Plaintiff worked for Defendant, and at all times material hereto was and is engaged in interstate commerce.

### COUNT I: WAGE AND HOUR VIOLATION BY ELITE WHEEL DISTRIBUTORS INC. (OVERTIME)

5.      Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-4 above as if set out in full herein.

6.      This action is brought by Plaintiff and those similarly situated to recover from the Defendant unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207. 29 U.S.C. § 207 (a)(1) states, "No employer shall employ any of his employees . . . for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

7.      Jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 216(b). The Defendant is and, at all times pertinent to this Complaint, was engaged in interstate commerce. At all times pertinent to this Complaint, Defendant operates as an organization which sells and/or markets its services and/or goods to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of other states, and Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its

business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees. Upon information and belief, the annual gross revenue of Defendant was at all times material hereto in excess of $500,000 per annum, and/or Plaintiff and those similarly situated, by virtue of working in interstate commerce, otherwise satisfy the Act's requirements.

8.      By reason of the foregoing, Defendant is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s) and/or Plaintiff and those similarly situated were and/or are engaged in interstate commerce for the Defendant. The Defendant's business activities involve those to which the Act applies. Defendant is a delivery company and, through its business activity, affects interstate commerce. The Plaintiff's work for the Defendant likewise affects interstate commerce. Plaintiff was employed by the Defendant as a driver for the Defendant's business.

9.      While employed by Defendant, Plaintiff worked approximately an average of 42.5 hours per week without being compensated at the rate of not less than one and one half times the regular rate at which he was employed. Plaintiff was employed as a driver, working through his lunch, and performing the same or similar duties as that of those other similarly situated (s) whom Plaintiff observed working in excess of 40 hours per week without overtime compensation.

10.     Plaintiff worked for Defendant from approximately May 14, 2015 through February 25, 2016.  In total, Plaintiff worked approximately 41 compensable weeks under the Act, or 41 compensable weeks if we count 3 years preceding the date of the filing of the instant action.

11.     The Corporate Defendant paid Plaintiff on average approximately $10 hours per week.

12.     However, the Defendant did not compensate Plaintiff for hours that Plaintiff worked in excess of 40 per week.

13.     Plaintiff seeks to recover unpaid overtime wages accumulated from the date of hire and/or from 3 (three) years preceding the date of the filing of this Complaint.

14.     Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this Complaint, Plaintiff's good faith estimate of unpaid overtime wages is as follows:

  a. **Actual Damages: $**

    i.     Calculation: $10 x 1.5 = $15 x 2.5 (average of overtime hours worked) = $37.50 x 41 (compensable weeks) = $1,537.50

  b. **Liquidated Damages:** $1,537.50

  c. **Total Damages:** $3,075, plus reasonable attorneys' fees and costs of suit.

15.     At all times material hereto, Defendant failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in that Plaintiff and those similarly situated performed services and worked in excess of the maximum hours provided by the Act but no provision was made by the Defendant to properly pay them at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in the Act. The additional persons who may become Plaintiffs in this action are weekly-paid employees and/or former employees of the Defendant who are and who were subject to the unlawful payroll practices and procedures of the Defendant and were not paid time and one half of their regular rate of pay for all overtime hours worked in excess of forty.

16.    The Defendant knew and/or showed reckless disregard for the provisions of the Act concerning the payment of overtime wages and remains owing Plaintiff and those similarly situated these overtime wages since the commencement of Plaintiff's and those similarly situated employees' employment with Defendant as set forth above, and Plaintiff and those similarly situated are entitled to recover double damages. The Defendant never posted any notice, as required by Federal Law, to inform employees of their federal rights to overtime wages.

17.    Defendant willfully and intentionally refused to pay Plaintiff overtime wages as required by the laws of the United States as set forth above and remains owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with the Defendant as set forth above.

18.    Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff and those similarly situated request that this Honorable Court:

A.  Enter judgment for Plaintiff and other similarly situated and against the Defendant on the basis of the Defendant's willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B.  Award Plaintiff actual damages in the amount shown to be due for unpaid wages and overtime compensation for hours worked in excess of forty weekly; and

C.  Award Plaintiff an equal amount in double damages/liquidated damages; and

D.  Award Plaintiff reasonable attorneys' fees and costs of suit; and

E.  Grant such other and further relief as this Court deems equitable and just.

## JURY DEMAND

Plaintiff and those similarly situated demand trial by jury of all issues so triable as of right.

## COUNT II: VIOLATION OF FLORIDA PRIVATE WHISTLEBLOWER ACT BY THE DEFENDANT

19.     Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-4 above as if set out in full herein.

20.     This is an action to recover damages resulting from unlawful and retaliatory discharge.

21.     Jurisdiction is proper because Plaintiff seeks more than $15,000 in damages exclusive of costs, interest and attorney's fees and pursuant to Article V, §20(e)(3) of the Florida Constitution and Fla. Stat. §26.012(2)(c) (1995) because Plaintiff seeks equitable relief.

22.     Venue is proper in this district because Plaintiff was employed in Miami-Dade County by the Defendant, which at all times relevant hereto had and still has offices in Miami-Dade County, and pursuant to Florida Statutes §448.103 (1)(b) because the retaliatory personnel actions occurred in Miami-Dade County.

23.     All conditions precedent to bringing this action have occurred, been performed or been excused.

24.     The Defendant is in the business of distributing wheels throughout Florida.

25.     Plaintiff was a person who performed services for and under the control and direction of Defendant for wages or other remuneration.  Specifically, the Plaintiff worked as a driver for the Defendant.

26.     Plaintiff was an employee of the Defendant who objected to or refused to participate in an activity or practice of the employer which is in violation of a law, rule or regulation.

27.     Specifically, the Defendant, at one of the events it hosted, asked Plaintiff to drive a motor vehicle of the Defendant when Defendant knew that the Plaintiff had consumed more alcohol than the maximum allowed in Florida.  In making this request, the Defendant squarely asked Plaintiff to violate Section 316.193 of the Florida Statutes, which provide in its relevant part:

> **316.193   Driving under the influence; penalties.—**
> **(1)   A person is guilty of the offense of driving under the influence and is subject to punishment as provided in subsection (2) if the person is driving or in actual physical control of a vehicle within this state and:**
> > **(a)   The person is under the influence of alcoholic beverages, any chemical substance set forth in s. <u>877.111</u>, or any substance controlled under chapter 893, when affected to the extent that the person's normal faculties are impaired;**
> > **(b)   The person has a blood-alcohol level of 0.08 or more grams of alcohol per 100 milliliters of blood; or**
> > **(c)   The person has a breath-alcohol level of 0.08 or more grams of alcohol per 210 liters of breath.**

28.     Plaintiff specifically objected and refused to the Defendant's request because the Defendant was asking Plaintiff to break the law.

29.     Plaintiff objected to, or refused to participate in an activity, policy, or practice of the Defendant, which is in violation of the above law, rule, or regulation.

30.     Because the Plaintiff objected to the above-mentioned illegal practice or activity of the Defendant, the Defendant fired Plaintiff on or about February 25, 2016.

31.     The Defendant's firing of the Plaintiff after he objected or refused to drive a motor vehicle of the Defendant while under the influence of alcohol was in violation of Fla. Stat. §448.102(3), which provides that "[a]n employer may not take any retaliatory personnel action against an employee because the employee: objected to, or refused to participate in, any activity, policy, or practice of the employer which is in violation of a law, rule, or regulation."

32.     The Defendant is a firm, partnership, institution, corporation, or association that employs ten or more persons and is therefore an "employer" under Florida law.

33.     As a result of the Defendant's wrongful termination, Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff demands damages against the Defendant for violation of Florida's Private Sector Whistle-blower's Act (Section 448.102, Fla. Stat.), including but not limited to all relief available under Section 448.103, Fla. Stat., such as:

A.  An injunction restraining continued violation of this statute;

B.  Reinstatement of Plaintiff to the same position held before the retaliatory personnel action, or to an equivalent position;

C.  Reinstatement of full fringe benefits and seniority rights;

D.  Compensation for lost wages, benefits, and other remuneration;

E.  Any other compensatory damages allowable at law;

F.  Attorney's fees, court costs and expenses; and

G.  Such other relief this Court deems just and proper.

### JURY TRIAL DEMAND

Plaintiff demands a trial by jury of all issues so triable as of right.

Dated: June 22, 2016.

Respectfully submitted,

By:__/s/ R. Martin Saenz
R. Martin Saenz, Esquire
Fla. Bar No.: 0640166
Email: msaenz@saenzanderson.com
SAENZ & ANDERSON, PLLC
20900 NE 30th Avenue, Ste. 800

Aventura, Florida 33180
Telephone: (305) 503-5131
Facsimile:  (888) 270-5549